UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18 CR 10083 DJC |
| | ) | |
| CHARLIE JINAN CHEN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF 302 REPORTS AT TRIAL

This Indictment charges the defendant, Charlie Chen, with three counts of securities fraud under 15 U.S.C. §78j(b) and 78ff, and one count of making a material false statement in violation of 18 U.S.C. §1001(a)(2) (Count Four). The theory of the government's case is that either Person A or Person B, husband and wife, provided material, non public information to Chen who then used that information to purchase VistaPrint ("VPRT") options on multiple occasions between July 2012 and August 2014. Chen denies all allegations in the Indictment.

Count Four of the Indictment alleges that Chen made a materially false statement to Special Agents of the FBI on or about March 30, 2016 that "he could not recall his options trading in VPRT when in fact CHEN then and there knew he had bought and sold options in VRPT."[1] The Special Agents of the FBI appear to be Ryan Lane and John P. Keelan III and they authored an FBI 302 summarizing their version of answers by Chen to their questions (the "302 Report"). The date of entry of the 302 Report is April 8, 2016. Presumably, the government will attempt to prove its allegations in Count Four by introducing the 302 Report.

By this Motion in Limine, Chen requests that this Court (1) prohibit the introduction of the 302 Report at trial (2) preclude the government from publishing the contents of the 302 Report to the jury, (3) prohibit the government suggesting to the jury that the 302 Report or some

---

[1] We question how the government could prove what Chen recalled. Mindreading is not part of the FBI's training.

1

other writing was authored by the Special Agents of the FBI, and (4) prohibit the government from asserting that the 302 Report is a statement by Chen. The Court should also preclude the government from introducing into evidence handwritten notes by the agents relating to the 302 Report.

Issues that may impact reliability of a 302 report include the fact that different agents have different practices regarding how much detail they choose to include in a 302 and whether to include facts learned elsewhere as part of the investigation. It may also contain editorial content that was not actually stated during the interview. Agents with less background in an investigation may also make errors in their note taking—for instance, assuming the identity of a person that the witness refers to by an alias or nickname, or making references unsupported by the facts of the investigation.

There is demonstrable evidence of errors made by the agents in this case and those errors speak to the precise reason a 302 Report may not be not reliable and the report should not be admissible. Specifically, in a document titled "Affidavit of Special Agent William Manning" produced in discovery by the government (See Bates number USA-00010041 et seq) the affiant identified himself as "Bryan McKay, a Special Agent with the Federal Bureau of Investigation." The mistake gives rise to the question whether Manning authored the affidavit in whole or in part, whether McKay cut and pasted Manning's Affidavit, or whether it was carelessness by the agent. In either event, if the government did not pay attention to a detail like that, it leads to the question of what level of detail the agents paid when interviewing Chen and drafting their 302 Report.

Further, reference to the FBI agent's notes forming a basis for the report has the potential to mislead the jury into belief that a person, cloaked with the credibility of the federal

Government, wrote the statement down accurately or even verbatim. Statements included in 302s are therefore classic hearsay without—in and of themselves— the requisite indicia of reliability. Thus, statements reflected in the 302 Report, even if attributed to Chen and even if inconsistent with what may be said at trial, are not themselves admissible by way of the 302 Report.

The 302 Report is classic hearsay.[2] Statements in 302 reports are inadmissible hearsay because they are memoranda summarizing witness interviews by FBI agents and government investigators. If the government seeks to have the 302 Report admitted into evidence at trial to prove the truth of the matter asserted, this Court must preclude them from doing so under FRE 801. Further, no exception to the hearsay rule exists in this case for the 302 Report to be admissible. See FRE 803.

Further the 302 Report is unduly prejudicial because it implies Chen is guilty of criminal wrongdoing. Federal Rule of Evidence 403 allows a court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The 302 Report has the potential for its prejudice to outweigh its probative value. Unless demonstrated otherwise, a 302 is not presumed to be a verbatim transcript of the questions asked or the answers given. Furthermore, because Chen was not placed under oath, the purported statements are not sworn.

Further, the use of 302 reports, for impeachment or refreshing a witness's recollection, can be highly prejudicial because of the implication the person interviewed was involved in

---

[2] FRE 801(c)defines hearsay as "a statement that:(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

wrongdoing simply because the witness was interviewed by a government investigator.

Therefore, if Chen testifies at trial, the 302 Report also must be excluded from evidence.

|  |  |
|---|---|
|  | CHARLIE JINAN CHEN<br>By his attorneys,<br><br>*/s/ Valerie S. Carter*_____<br>Valerie S. Carter, BBO No. 545412<br>Dennis C. Carter, BBO No. 670187<br>CARTER & DOYLE LLP<br>110 Cedar Street, Suite 250<br>Wellesley Hills, MA 02481<br>781.235.4400<br>vcarter@carterdoyle.com |
| DATED:   March 7, 2019 | dcarter@carterdoyle.com |

## CERTIFICATE OF SERVICE

I certify that, on March 7, 2019, this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Valerie S. Carter*_____
Valerie S. Carter, Esquire