UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18 CR 10083 DJC |
| | ) | |
| CHARLIE JINAN CHEN, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
INTRODUCTION OF CERTAIN ELECTRONIC MAIL, PHOTOGRAPHS,
INVESTMENT CHECKS, AND TELEPHONE RECORDS AT TRIAL</u>**

This Indictment charges the defendant, Charlie Chen, with three counts of securities fraud under 15 U.S.C. §78j(b) and 78ff, and one count of making a material false statement in violation of 18 U.S.C. §1001(a)(2) (Count Four). The theory of the government's case is that either Person A or Person B, husband and wife, provided material, non public information to Chen who then used that information to purchase VistaPrint ("VPRT") options on multiple occasions between July 2012 and August 2014. Chen denies all allegations in the Indictment.

By this Motion in Limine, Chen requests that this Court (1) prohibit the introduction of emails to or from Person A to her colleagues at Vistaprint, (2) exclude photographs of Persons A, B and Chen, (3) prohibit the introduction of telephone records listing dates and times of calls to or from Persons A, B, and Chen, (4) preclude the government from publishing the contents of the emails, photographs, investment checks paid to Chen, and telephone records to the jury, and (5) prohibit the government from arguing to the jury that any of the aforementioned items prove that there was a close personal relationship between Chen and the alleged tipper(s) or that the investment checks were provided by the alleged tipper(s) as part of a scheme involving MNPI.

Chen is not charged with conspiracy in the Indictment and the alleged tipper(s) are not expected to testify at trial. Given this, the introduction of emails, photographs, and telephone

1

records are devoid of context. The information is classic hearsay and must be excluded absent an exception. Out-of-court written statements offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception to the hearsay rule, Fed. R. Evid. 803, or the residual exception, Fed. R. Evid. 807, such statements are inadmissible. Fed. R. Evid. 802. Defendants' declarations fall squarely within the definition of hearsay: they are out-of-court, written statements offered to prove the truth of the matters asserted. The declarations also fail to satisfy the hearsay exceptions in the Federal Rules of Evidence.

The declarations are not business records because they were obtained in anticipation of litigation, not as part of a regularly conducted business activity. See *Sabre Int'l Sec.* v. *Torres Advanced Enter. Sols., LLC*, 72 F. Supp. 3d 131, 136 n.3 (D.D.C. 2014) ("[R]ecords created in anticipation of litigation do not fall within the business records exception"); Fed. R. Evid. 803(6). The declarations also do not meet the "residual exception" under FRE 807. Under that exception, hearsay is admissible if, among other requirements, it has "equivalent circumstantial guarantees of trustworthiness" and is "more probative on the point for which it is offered for."

The Indictment charges Chen with insider trading and the government asserts that Chen received information from the tipper(s) prior to placing the trades. The government has no direct evidence of any information being provided to Chen regarding financial forecasts for VPRT yet asserts that the information as provided on telephone calls, walks, through coded emails, or at other face to face encounters. The government cannot point to any email and does not have any recorded telephone conversations between Chen and the alleged tipper(s). There are emails produced by the government in discovery from or to Person A and employees of Vistaprint. Those emails are hearsay. There is no suggestion or allegation by the government that Chen was aware of Person A's emails. The purported reason the government wants to introduce those

emails is to establish that Person A was an insider of Vistaprint. However, there will be no testimony that Person A (or Person B, her husband) communicated to the defendant that Person A was an insider. As such, those emails are not deemed to be statements of a co-conspirator. (To demonstrate the existence of a conspiracy, the government must prove by a preponderance of the evidence that Persons A or B formed a clear agreement with Chen to commit an illegal act. *United States v. Medina-Martinez,* 396 F.3d 31, 35 (1st Cir. 2001). To prove an agreement, the government is required to present evidence independent of the hearsay statements themselves. See *United States v. Sepulveda,* 15 F.3d 1161, 1181-2 (1st Cir. 1993). Such independent evidence must be actually incriminating and cannot consist of simply coincidental occurrences. *United States v. Silverman,* 861 F.2d 571,578 (9th Cir. 1988). Further, "mere physical proximity and friendship" does not provide the adequate basis for inferring a conspiracy. *United States v. Beckham, 968* F.2d 47, 51 (D.C.Cir. 1992).

Chen further requests that photographs, and telephone records to argue that there was coincidental contact between Chen and the alleged tipper(s) must be excluded[1]. Allowing this hearsay evidence without the testimony as to the context and substance of the photographs, telephone records, or investment checks is just piling inference upon inference and given the lack of direct evidence expected at trial, should not be allowed by this court as it will be unduly prejudicial to the jury.

The government further intends to use against Chen email communications. However, the government must set out the identity of every person Chen was communicating with in these correspondences in order for the record to be complete. If the government intends to use the defendant's exercise of his First Amendment rights against him, it is critical they provide

---

[1] None of the emails from or to Chen discuss insider trading and are mainly about scheduling activities for their children or real estate.

evidence that it indeed was the defendant's words used in the electronic communication. Additionally, it is imperative to know exactly whom Chen was allegedly communicating with, and moreover, making sure the proffered evidence in those emails can be authenticated to guarantee they have not been altered in any discernible way.

The authentication of a document is necessary to establish that a document is what it purports to be and that there is a relationship between the document and an individual. See F.R.E. 901. It is critical that emails or other electronic communications used against criminal defendants be properly authenticated because it is so easy to create, alter, and manipulate electronic evidence. In determining whether the evidence is admissible, the trial court "must conclude that it was reasonably probable that the evidence had not been altered since the occurrence of the crime." United States v. Williams, 809 F.2d 75, 89 (1st Cir. 1986), *cert. denied,* 482 U.S. 906, 107 S.Ct. 2484, (1987). If the offered evidence is not readily identifiable or is susceptible to alteration, a testimonial tracing of the chain of custody is necessary. U.S. v. Abreu, 952 F.2d 1458, 1467 (1st Cir. 1992). "The purpose of testimonial tracing is to render it improbable that the original item either has been exchanged with another or has been tampered with or contaminated." See id. at 1467.

Finally, the majority of these unauthenticated emails and photographs are irrelevant, especially devoid of context. The government is attempting to use a select few emails and photographs to create a close personal relationship and assert that the information as coded to prove there was a violation of securities laws. Even where there may be an argument for relevancy, the relevance is greatly outweighed by its likelihood to mislead the jury and impose unfair prejudice on Chen.

Admission of this evidence, without any context or explanation from one of the parties involved in the emails or on the telephone calls is highly prejudicial and it must be excluded or risk prejudicing the jury. This evidence is unduly prejudicial because it implies Chen is guilty of criminal wrongdoing. Federal Rule of Evidence 403 allows a court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Admission of the emails, photographs, and telephone records has the potential for their prejudice to outweigh their probative value.

|  |  |
|---|---|
|  | CHARLIE JINAN CHEN<br>By his attorneys,<br><br>*/s/ Valerie S. Carter*_____<br>Valerie S. Carter, BBO No. 545412<br>Dennis C. Carter, BBO No. 670187<br>CARTER & DOYLE LLP<br>110 Cedar Street, Suite 250<br>Wellesley Hills, MA 02481<br>781.235.4400<br>vcarter@carterdoyle.com |
| DATED:   March 7, 2019 | dcarter@carterdoyle.com |

## **CERTIFICATE OF SERVICE**

I certify that, on March 7, 2019, this document filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Valerie S. Carter*_____
Valerie S. Carter, Esquire